UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60749-CIV-COHN/SELTZER

CARINA HAMILTON f/k/a LISA MONTI
and DAVID S. WIEDER on behalf of themselves
and all others similarly situated,

      Plaintiffs,

vs.

SUNTRUST MORTGAGE INC., QBE
SPECIALTY INSURANCE COMPANY,
and STERLING NATIONAL INSURANCE
AGENCY n/k/a QBE FIRST INSURANCE
AGENCY,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING
A FINAL APPROVAL HEARING**

**THIS CAUSE** is before the Court upon the parties' Settlement Agreement [DE

159-1] and Plaintiff's Motion for Preliminary Approval of Proposed Class Action

Settlement and Certification of the Settlement Class [DE 158] ("Motion").  The Court has

carefully reviewed these filings and the entire record of this case and is otherwise fully

advised in the premises.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Motion for Preliminary Approval of Proposed Class Action

Settlement and Certification of the Settlement Class [DE 158] is **GRANTED**.

2.    **Settlement**.  The parties have negotiated a potential settlement of this action (the "Hamilton Litigation" or the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve any and all claims or causes of action which have been or could be asserted by Plaintiffs Carina Hamilton and David Wieder ("Plaintiffs") and/or other members of the Settlement Class in the Hamilton Litigation against Defendants SunTrust Mortgage, Inc. ("SunTrust"), and QBE Specialty Insurance Company, Sterling National Insurance Agency n/k/a QBE FIRST Insurance Agency, Inc., QBE Insurance Corporation, QBE Financial Institution Risk Services, Inc., and Praetorian Insurance Company (collectively, the "QBE Defendants"; and together with SunTrust, "Defendants"), and all of their past and present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

3.    **Review.**  The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter.  The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

4.    **Preliminary Approval**.  The Settlement Agreement entered into by and among Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants

2

has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

5.     **Settlement Class Relief**.  The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate.   The Settlement Class shall consist of:

> All borrowers in the United States who had mortgage loans serviced by SunTrust Mortgage, Inc. who were charged a premium for lender-placed hazard, wind, or flood insurance coverage issued by the QBE Defendants, or one of their affiliates, within the Class Period, which shall be defined as the period of time from April 1, 2008 through today.  Class Members will have the right to opt out of the Settlement Agreement consistent with the terms of Fed. R. Civ. P. 23(b)(3).

> Excluded from the Class are: (i) individuals who are or were during the Class Period officers, directors, or employees of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower; (iv) all borrowers who file a timely and proper request to be excluded from the Class; (v) any borrowers who have settled or otherwise released any LPI claims; and (vi) any borrowers for whom SunTrust has otherwise written-off or released the borrower from his or her LPI repayment obligation.

6.     **Preliminary Certification of Settlement Class.**  The Court makes the following determinations as to certification of the Settlement Class:

(a)     The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)     The Settlement Class is so numerous that joinder of all members is impracticable;

(c)     There are questions of law or fact common to the members of the Settlement Class;

(d)     The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e)     Plaintiffs and Class Counsel are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable;

(h)     Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     **Designation of Class Representatives**. Plaintiffs Carina Hamilton and David Wieder are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Hamilton Litigation.

7.     **Designation of Class Counsel**. The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP are hereby designated as Class Counsel for the Settlement Class.

8.     **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at **9:30 a.m.** on **October 17, 2014**, in Courtroom 203E of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida before the Honorable James I. Cohn, to determine, among other

4

things: (i) whether the Settlement of the Hamilton Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Hamilton Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out (and anyone actually or purportedly acting on their behalf), from (a) filing, commencing, prosecuting, continuing in, intervening in, participating in (as class members or otherwise); or (b) organizing any Settlement Class Members into a separate class, or soliciting the participation of other Settlement Class Members, for purposes of pursuing as a purported class action any lawsuit in any jurisdiction (including by seeking amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiffs, should be approved.

       9.    **Class Notice**.

          (a)    The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the

Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)     The Mail Notice shall be mailed no later than **July 18, 2014**, to all potential Class Members who can be identified with reasonable effort by Class Counsel. The Mail Notice shall include the Claim Instructions (attached as Exhibit B to the Settlement Agreement) and Claim Form (attached as Exhibit C to the Settlement Agreement).

(c)     No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settling Agreement and Exhibits and the Mail Notice (including instructions in Spanish to obtain a Spanish-language translation of the Mail Notice), and allow Class members to upload and file their claim forms. The Settlement Website shall also contain Claim Form Instructions and a Claim Form (including a Spanish-language translation of the Claim Form Instructions and Claim Form) which may be downloaded or printed from the Settlement Website. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.hamiltonsettlement.com. The Settlement Website shall remain open and accessible at least through the last day for Settlement Class Members to submit a Claim for Settlement Relief;

(d)     The Settlement Administrator shall establish a toll-free interactive voice response phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.  Further, a live response operator will be provided to answer/return class member calls and answer any questions.  The phone number shall remain open and accessible through the last day for Settlement Class Members to submit a Claim.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning the Hamilton Litigation and/or this Settlement where the Settlement Administrator operator could not properly answer, so that Class Counsel may timely and accurately respond to such inquiries.

(e)     The Summary Publication Notice of Class Action, Proposed Settlement, Final Approval Hearing, and Right to Appear, attached as Exhibit F to the Settlement Agreement, shall be published within seven (7) days of the posting of the Mail Notice set forth above, which abbreviated Summary Publication Notice shall not be less than 1/8 page in size, and shall be published once in *USA Today* (on a date falling on Monday through Thursday).

(f)     No later than **October 3, 2014**, Defendants shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice, dissemination of the Summary Publication Notice, and of establishing of the Settlement Website.

7

(g)     Defendants shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later than **October 3, 2014**, counsel for Defendants shall file with the Court one or more declarations stating that Defendants have complied with their notice obligations under 28 U.S.C. § 1715.

10.     **Administrators**.  The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish the Settlement Website, (iv) publish the Summary Publication Notice, (v) receive and process settlement claims, and (vi) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11.     **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than **September 17, 2014**.

(a)     To be valid, the Request for Exclusion must:  (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Hamilton Litigation, such as "I hereby request that I be excluded from the proposed

8

Settlement Class in the Hamilton Class Action." Mass or class opt outs shall not be allowed.

(b)    A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)    Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d)    If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds one percent (1%) of the total number of Settlement Class Members, Defendants shall have the right to terminate the Agreement without penalty or sanction.

(e)    If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims to Settlement Agreement.

12.     **Objections and Appearances**.  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement no later than **September 17, 2014**:

### For Plaintiffs and Settlement Class

Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL  33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

### For SunTrust

Marc J. Gottlieb
AKERMAN LLP
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Fax: (954) 463-2224

### For the QBE Defendants

Robyn C. Quattrone
BuckleySandler LLP
1250 24th Street, NW
Suite 700
Washington, DC 20037
Telephone: (202) 349-8035
Facsimile: (202) 349-8080

(a)    The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and shall require the written objection to include:  (a) the case name and number; (b) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

(b)    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c)    Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in

11

connection with the Final Approval Hearing.  Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance no later than **September 17, 2014**.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.     **Releases.**  If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 10 of the Settlement Agreement, including, *inter alia*, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning hazard, flood, or wind LPI Policies placed by SunTrust during the Class Period.

14.  **Preliminary Injunction.**  All Settlement Class Members who do not timely exclude themselves from the Settlement Class, and any person who seeks to act on behalf of such Settlement Class Members, are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, continuing in, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class, or soliciting the participation of other Settlement

12

Class Members, for purposes of pursuing as a purported class action any lawsuit in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

15. **Service of Papers.** Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, and file with the Court any further documents in support of the proposed Settlement, on or before **September 26, 2014**. Any reply papers in further support of the proposed settlement, including any responses to papers filed by Settlement Class Members, shall be served and filed on or before **October 10, 2014**. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

16. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or the Judgment does not become final (as defined in the Settlement Agreement, Section 2.23); or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and

void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

17.    **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

18.    **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

19.    In light of the Settlement, the Calendar Call of October 16, 2014, and trial of October 20, 2014, are **CANCELLED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _17_ᵀᴴ day of June, 2014.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to all counsel of record via CM/ECF.

14