UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-60749-CIV-COHN/SELTZER

CARINA HAMILTON f/k/a LISA MONTI and
DAVID S. WIEDER on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

SUNTRUST MORTGAGE INC., QBE
SPECIALTY INSURANCE COMPANY and
STERLING NATIONAL INSURANCE AGENCY
n/k/a QBE FIRST INSURANCE AGENCY,

    Defendants.

---

### OBJECTION OF AMIRALI JABRANI AND JANET JABRANI

## INTRODUCTION

Amirali and Janet Jabrani are class members. See Exhibits A, B and C, which are incorporated herein by reference. The Jabranis have objected to another proposed class action settlement brought by many of the same class lawyers involving similar allegations in *Fladell, et al. v. Wells Fargo, et al.*, Case No. 0:13-cv-60721-FAM (the "Fladell case"). A copy of the "live" objection (the "Fladell objection") and a related pleading filed by the Jabranis in the Fladell case are attached hereto as Exhibits D and E, which are likewise incorporated herein by reference. In the interest of disclosure and brevity, the Jabranis rely on these pleadings here in opposition to the settlement in the above captioned case.

## OBJECTIONS

This is a proposed class action settlement arising from a case involving allegations of forced placed insurance. The three parts of this proposed settlement (a claims process for monetary relief, injunctive relief and a $3.6 million attorneys' fee fund) are segregated, forming a "constructive common fund." *See, e.g., Dennis v. Kellogg Co.*, 697 F.3d 858, 862-63 (9th Cir. 2012). This is an inferior structure to a true common fund because the Court is unable to remedy any misallocation issues by reducing fee and expense awards.

Objection is made that a decision to approve or disapprove this proposed settlement is premature and, because the proponents of the settlement have the burden of proof on the fairness of this settlement, the settlement should be rejected at this time. *See, eg., In re Dry Max Pampers Litigation*, 724 F.3d 713 (6th Cir. 2013); *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Because this settlement is a "constructive common fund," a final decision on fairness should not take place until the value of all the constituent parts can be determined.

The injunctive relief in this case is illusory because it benefits individuals who are not members of the class and the practice changes appear to be undertaken in the best interest of the defendants. It appears likely the defendants would make these changes without an injunction; they certainly would have business reasons to do so.[1]

The only measurable value of this settlement lies in the claims-made relief and the $3.6 million attorneys' fee fund. The claims deadline expires on January 15, 2015. After this date, the claims data can be ascertained and provided to the Court and the actual value of this proposed "constructive common fund" settlement determined. In the meantime, it is suggested that class counsel provide the Court with all of the actual claims data from all of the other similar forced placed insurance settlements so that it can be determined what class counsel knew about the likely claims rate in this case when it agreed to this settlement.

Objection is made to the proposed award of fees (and theoretically expenses) of $3.6 million. Class counsel negotiated a separate $3.6 million fund to pay for their fees (and theoretically expenses) regardless of how much the class recovers or does not recover. Class counsel seeks to justify this fee award based upon the opinion that the fee is "approximately 16% of the settlement's monetary benefits[.]" *See* Dkt #168 at p. 16-17; *see also* Dkt #168-4 at p 7, para. 23.[2] The Jabranis request that the Court wait and see in January 2015 if the amount actually claimed would justify the $3.6 million fee being requested here. Objection is also made that insufficient evidence is provided to the Court to conduct a thorough lodestar cross-check of the detailed hours of class counsel in this case.

---

[1] Objection is made to the extent that insufficient evidence exists to provided a certain and positive value on the value of the injunctive relief.

[2] Objection is made to the extent that this opinion of monetary benefits is conclusory and does not meet the requirements of Rule 702, Fed. R. Evid.

Class counsel argues that it really does not matter to them in calculating attorneys' fees how many claims are actually made and what the actual benefits provided to the class are. Dkt. # 186 at 17 ("[t]he percentage applies to the total benefits provided, even where the actual payments to the class following a claims process is lower"). This is a troubling position to take in a case where class counsel has been involved in so many other similar forced placed insurance settlements where the claims data is now known. All of that past claims data should be made known to the Court to determine, among other things, class counsel's knowledge about the likely claims rate in this case when this settlement was entered. To the extent that data shows the likely claims rate would result in a payout of less than the $3.6 million attorneys' fee fund, objection is also made to the adequacy of class counsel and the class representatives in addition to the objection about the excessive fee request.

## CONCLUSION

The settlement should be be rejected. Alternatively, in the event the settlement is approved, the attorneys' fee and expense award should be rejected or, at minimum, deferred until the claims data comes in and should be based on the actual recovery of the class.

DATED: September 17, 2014

Respectfully submitted,

/s/Santiago A. Cueto
Santiago A. Cueto
Cueto Law Group
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Telephone:   (305) 777-0377
Facsimile:    (305) 777-0449
Email: Sc@cuetolawgroup.com

Attorneys for Objectors/Class Members

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: September 17, 2014

Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd.,
9th Floor
Coral Gables, FL 33134

Marc J. Gottlieb, Esq.
AKERMAN LLP
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301

Robyn C. Quattrone
BuckleySandler LLP
1250 24th Street, NW, Suite 700
Washington, DC 20037

/s/Santiago A. Cueto
Santiago A. Cueto