UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-60749-CIV-COHN

CARINA HAMILTON f/k/a LISA MONTI and
DAVID S. WIEDER on behalf of themselves and
all others similarly situated,

CASE NO. 13-60749-CIV-COHN

     Plaintiffs,

v.

SUNTRUST MORTGAGE INC., QBE
SPECIALTY INSURANCE COMPANY and
STERLING NATIONAL INSURANCE AGENCY
n/k/a QBE FIRST INSURANCE AGENCY,

     Defendants.

## OPPOSITION TO CLASS COUNSEL'S MOTION TO REQUIRE POSTING OF APPEAL BOND BY THE OBJECTOR-APPELLANTS

Amirali Jabrani and Janet Jabrani, Objectors herein, file this Opposition (the "Opposition") to Class Counsel's Motion to Require Posting of Appeal Bond by the Objector-Appellants (Dkt. #188) filed on December 2, 2014.

### INTRODUCTION

Class counsel seeks a $15,000 appellate bond under Rules 7 and 8 of the Federal Rules of Appellate Procedure. Rule 7 permits a bond of taxable costs as those are defined under Rule 39(e). Class counsel admits that taxable costs under Rule 39(e) (printing, copying briefs and other submissions) are estimated to be $5,000. Any sum above $5,000 is not a taxable cost but is instead ostensibly related to delay and "administrative costs of continued settlement administration." Putting aside a lengthy *ad hominem* attack on counsel and the Jabranis', the

legal issue presented is a fairly simple one: should an appellate bond in this case exceed the $5,000 in taxable costs under Rule 39(e) to also include administrative delay costs associated with continued settlement administration?  The answer to this straightforward question is "no."

## ARGUMENT

As an initial matter, the Jabranis do not oppose a bond of less than or equal to $5,000, class counsel's estimate of taxable costs under Rule 39(e).  Indeed, were class counsel to have asked via a meet and confer about an appeal bond, the Jabranis likely would have agreed to a bond for taxable costs not to exceed $5,000 simply to expedite this matter and to get on with briefing and otherwise moving forward with the appeal.  Indeed, it appears that the bond motion serves more as a vehicle to make scandalous, *ad hominem* attacks on the Jabranis and their counsel than to obtain a bond for taxable costs.[1]  Many of the *ad hominem* attacks are pulled from similar attacks on other objectors' counsel in a related case.  *See* Exhibit A hereto.

---

[1] Class counsel's attack is summarized thusly: "Mr. Bandas has been repeatedly criticized by district courts around the country for his sanctionable behavior with respect filing frivolous objections and appeals to class action settlements with the sole purpose of blackmailing class counsel into paying him money to simply go away."  Bond Motion at 1.  Whether an appeal is frivolous is decided by courts of appeal, not the trial court.  *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir 1985).  And only the appellate court has the authority to impose sanctions for a frivolous appeal.  *In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993) (citing *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985)).  If the Eleventh Circuit determines that the Jabranis' appeal is frivolous, it has the option of taking action at that time.  "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012).  *Accord Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998))).  In *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2012), the court held "the meaning of 'costs' as used in Rule 7 should be derived from the definition of 'costs' contained in the statutory fee shifting provision that attends to the underlying case."  Here, there is no fee shifting statute that permits imposing settlement administrative delay expenses as "costs."  Moreover, this objection and the appeal have been brought in good faith.  Without belaboring the point, Mr.

2

"Costs" under Rule 7 do not include increased administrative costs associated with delays in settlement administration. While class counsel claim they are seeking an appeal bond, what they are really seeking is a *supersedeas* bond under Fed. R. App. Proc. 8, which is a bond for delay expenses. The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). But there is no question that the requirements for Fed. R. App. Proc. 8 are not met because the Jabranis have not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for delay costs as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19.

This issue before this Court has recently been decided in a companion case by The Honorable Federico Moreno in *Salvatore Saccoccio, et al., v. JP Morgan Chase Bank, N.A. et al.,* Case No. 13-21107-CIV-MORENO. Attached as Exhibits A-E are, respectively, Plaintiff's Motion to Require Posting of Appeal Bonds by Objector-Appellants and Incorporated Memorandum of Law, Opposition to Plaintiffs' Motion to Require Posting of Appeal Bonds, Leigh Aquino's Opposition to Motion for Imposition of Bond, Opposition of Theodore and Efstathia Stout to Plaintiff's Motion for Appeal Bonds and Order Granting in Part Plaintiff's Motion to Require Posting of Appeal Bonds by Objector-Appellants. The arguments and authorities contained in the oppositions to the bond motion in *Chase* are incorporated by

---

Bandas' clients have prevailed in many appeals notwithstanding the all too frequent accusations that Mr. Bandas' clients' appeals were frivolous and brought in bad faith. *See, eg.* Exhibits F-I.

---

3

reference herein.  To the extent a bond is imposed in this case, it should not exceed the estimate of taxable costs of $5,000.

**CONCLUSION**

The Jabranis respectfully request that, to the extent the Court orders a bond in this case, the bond should not exceed $5,000.  The request for a $15,000 appeal bond should be denied.

DATED:  December 10, 2014                                    Respectfully submitted,


/s/Santiago A. Cueto

Santiago A. Cueto
Cueto Law Group
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida  33146
Telephone:     (305) 777-0377
Facsimile:      (305) 777-0449
Email:  Sc@cuetolawgroup.com

Attorneys for Objectors/Class Members

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing objection and associated

exhibits on ECF which will send electronic notification to all attorneys registered for ECF-filing.

The undersigned further certifies he caused to be served via USPS First Class Mail, postage

prepaid, a copy of this Response and associated exhibits upon the following.

DATED:  December 10, 2014

Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd.,
9th Floor
Coral Gables, FL 33134

Marc J. Gottlieb, Esq.
AKERMAN LLP
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301

Robyn C. Quattrone
BuckleySandler LLP
1250 24th Street, NW, Suite 700
Washington, DC 20037

/s/Santiago A. Cueto
Santiago A. Cueto

OPPOSITION TO CLASS COUNSEL'S MOTION TO REQUIRE POSTING OF APPEAL BOND BY THE OBJECTOR-
APPELLANTS

CASE NO. 13-60749-CIV-COHN